# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EARL K. HEILNER, JR.** and his wife<br>**KATHRYN L. HEILNER**,<br><br>Plaintiffs,<br><br>**ADVANCED THERMAL HYDRONICS,<br>LLC**, f/k/a Reed Financial, Inc., Individually<br>and as Successor to The Hydrotherm<br>Corporation,<br>Cogency Global, Inc.,<br>850 New Burton Road, Suite 201<br>Dover, Delaware 19904<br><br>and<br><br>**AMERICAN PREMIER<br>UNDERWRITERS**, Individually and as<br>Successor-in-Interest to Hydrotherm Corp.,<br>CT Corporation System<br>600 N. 2nd St., Suite 401<br>Harrisburg, PA 17101<br><br>and<br><br>**AIR & LIQUID SYSTEMS<br>CORPORATION**, As Successor-by-Merger<br>to BUFFALO PUMPS<br>Corporation Service Company<br>2595 Interstate Drive, Suite 103,<br>Harrisburg, PA 17710,<br><br>and<br><br>**A.O. SMITH CORPORATION**<br>The Prentice-Hall Corp. System, Inc.<br>251 Little Falls Dr.<br>Wilmington, DE 19808<br><br>and<br><br>**AURORA PUMP COMPANY**, n/k/a Pentair,<br>Inc., Aurora Pump<br>5500 Wayzata Blvd. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. |

| | |
|---|---|
| Suite 600<br>Minneapolis, MN 55416 | § |
| | § |
| and | § |
| | § |
| **AUTOMATION INDUSTRIES, INC**., | § |
| Individually and as Successor to Hydrotherm, | § |
| Inc., | § |
| CT Corporation | § |
| Corporation Trust Center | § |
| 1209 N. Orange St. | § |
| Wilmington, DE 19801 | § |
| | § |
| and | § |
| | § |
| **BAYER CROPSCIENCE, INC.,** f/k/a | § |
| AMCHEM PRODUCTS, INC. | § |
| c/o Corporation Service Co. | § |
| 80n State Street | § |
| Albany, NY 12207-2543 | § |
| | § |
| and | § |
| | § |
| **BRAND INSULATIONS, INC.,** | § |
| CT Corporation System | § |
| 600 N. 2nd Street, Suite 401 | § |
| Harrisburg, PA 17101 | § |
| | § |
| and | § |
| | § |
| **BURNHAM, LLC**, Successor by Merger and | § |
| f/k/a BURNHAM CORP. | § |
| 1239 Harrisburg Pike, | § |
| Lancaster, PA 17603, | § |
| | § |
| and | § |
| | § |
| **CARRIER CORPORATION,** | § |
| United Agent Group | § |
| 3411 Silverside Rd. | § |
| Tatnall Building #104 | § |
| Wilmington, DE 19810 | § |
| | § |
| and | § |
| | § |
| | § |

| | |
|---|---|
| **CBS CORPORATION**, A Delaware Corporation, f/k/a CBS CORPORATION, a Pennsylvania Corporation, f/k/a WESTINGHOUSE ELECTRIC CORP c/o Asbestos Litigation Support Manager Eckert Seamans Cherin & Mellott, LLC Case Management and Technology Center 600 Grant Street, 45th Floor Pittsburgh, PA 15219,<br><br>and<br><br>**CLEAVER BROOKS, INC.** Corporation Service Company 2595 Interstate Drive, Suite 103 Harrisburg, PA 17110,<br><br>and<br><br>**COLUMBUS McKINNON CORPORATION** ATTN: Legal Department 205 Crosspoint Parkway Getzville, NY 14068,<br><br>and<br><br>**COMPUDYNE, LLC**, f/k/a COMPUDYNE CORP., Successor to York Shipley, Inc. 112 North Curry Street, Carson City, NV 89703<br><br>and<br><br>**COOPER INDUSTRIES LLC**, Individually and as Successor-in-Interest to CROUSE-HINDS CO., CT Corporation Corporation Trust Center 1209 N. Orange Street Wilmington, DE 19801<br><br>and | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § |

| | |
|---|---|
| **CORNING INC., on behalf of its former Corhart Refractories Business Division**<br>Corporation Service Company<br>2595 Interstate Drive, Suite 103<br>Harrisburg, PA 17110<br><br>and<br><br>**CRANE COMPANY,**<br>100 First Stamford Place<br>Stamford, CT 06902,<br><br>and<br><br>**DAP PRODUCTS**<br>2400 Boston Street<br>Suite 200<br>Baltimore, MD 21224<br><br>and<br><br>**DYNATHERM BOILER MANUFACTURING**, a/k/a Bethlehem Dynatherm,<br>43 E. Cherry Rd.,<br>Quakertown, PA 18951<br><br>and<br><br>**EATON CORPORATION**, As Successor-in-Interest to CUTLER-HAMMER, INC., n/k/a EATON ELECTRICAL, INC.,<br>CT Corporation System<br>600 N. 2nd Street, Suite 401<br>Harrisburg, PA 17101,<br><br>and<br><br>**EASCO BOILER CORP.,** f/k/a FEDERAL BOILERS,<br>1175 Leggett Ave.<br>Bronx, NY 10474<br><br>and | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**FLEXIBLE TECHNOLOGIES, INC.**, f/k/a
Automation Industries, Individually and as
Successor to Hydrotherm, Inc.,
CT Corporation,
Corporation Trust Center,
1209 N. Orange Street,
Wilmington, DE 19801

And

**FMC CORPORATION**, Individually and as
successor in interest to Stearns Electric
Corporation and Link-Belt Co./Construction
Equipment Group
CT Corporation
Corporation Trust Center,
1209 N. Orange Street,
Wilmington, DE 19801

and

**FOSECO, INC.**,
CT Corporation,
Corporation Trust Center,
1209 N. Orange Street,
Wilmington, DE 19801

and

**FOSTER WHEELER LLC**, Survivor to a
merger with Foster Wheeler Corp.,
53 Frontage Road, P.O. Box 9000
Hampton, NJ 08827-9000,

and

**GENERAL ELECTRIC COMPANY**,
CT Corporation System
155 Federal Street, Suite 700
Boston, MA 02110

and

**GOODRICH CORPORATION**, f/k/a THE
B.F. GOODRICH CO.,
251 Little Falls Dr.,
Wilmington, DE 19808,

and

**THE GOODYEAR TIRE & RUBBER CO**.,
**GOULDS PUMPS, LLC** f/k/a GOULDS
PUMPS, INC.,
CT Corporation
Corporation Trust Center
1209 N. Orange Street
Wilmington, DE 19801,

and

**GREENE, TWEED & CO., INC.,**
201 S. Tryon St., Suite 950
Charlotte, NC 28202,

and

**GTE OPERATIONS SUPPORT, INC.,**
Successor in Interest to GTE Products of
Connecticut Corporation, o/b/o CLARK
CONTROLLER, CO.,
1209 N. Orange St.
Wilmington, DE 19801,

and

**HAJOCA CORP.,**
Corporation Service Company
2595 Interstate Dr., Suite 103
Harrisburg, PA 17110,

and

**H.B. FULLER COMPANY**,
1200 Willow Lake Boulevard
P.O. Box 64683
St. Paul, MN 55164

and

**H.B. SMITH COMPANY, INC.**, A Division
of MESTEK, INC.,
47 Westfield Industrial Park Road
Westfield, MA 01085

and

**HOBART BROTHERS COMPANY**,
400 Trade Square E
Troy, OH 45373,

and

**HONEYWELL, INC**.,
**HONEYWELL INTERNATIONAL, INC**.,
Successor to ALLIED-SIGNAL, INC.,
Successor to BENDIX CORPORATION
251 Little Falls Dr.
Wilmington, DE 19808,

and

**IMO INDUSTRIES, INC.**, Individually and
as Parent Company of and/or Successor to
DeLAVAL PUMP & STEAM TURBINE CO.,
CT Corporation Trust Center
1209 N. Orange Street
Wilmington, DE 19801,

and

**INDUSTRIAL HOLDINGS
CORPORATION**, f/k/a CARBORUNDUM
COMPANY,
Prentice Hall Corporation
80 State Street
Albany, NY 12207,

and

**J.H. FRANCE REFRACTORIES
COMPANY**,
c/o Alan Parker, President
Special Claims Services, In.
790 Fairgrounds Rd., Suite 100
Mount Vernon, OH 43050,

**JOHN CRANE, INC**., f/k/a CRANE
PACKING CO.,
CT Corporation System
600 N. 2nd Street, Suite 401
Harrisburg, PA 17101,

and

**THE JOHN WOOD COMPANY, LLC,**
Corporation Service Company
251 Little Falls Dr.
Wilmington, DE 19808

and

**KEELER/DORR-OLIVER BOILER
COMPANY, INC.,**
Corporation Service Co.
251 Little Falls Drive
Wilmington, DE 19808

and

**KERITE LLC**,
Corporation Service Co.
251 Little Falls Drive
Wilmington, DE 19808

and

**THE LINCOLN ELECTRIC COMPANY,**
22801 St. Clair Avenue
Cleveland, OH 44117,

and

**LINDE, LLC**, f/k/a THE BCC GROUP, INC.,
200 Somerset Corporate Boulevard, Ste.
7000,
Bridgewater, NJ 08807,

**LOCKHEED MARTIN CORPORATION,**
f/k/a MARTIN MARIETTA CORPORATION
6801 Rockledge Drive
Bethesda, MD 20817,

and

**MARTIN MARIETTA MATERIALS, INC.**,
2710 Wycliff Road
Raleigh, NC 27607

and

**McCORMICK ASBESTOS COMPANY**,
a/k/a MCIC
Remaining Director Trustees
Louis E. Grenzer, Jr.
Bodie, Dolina, Hobbs, Fridell & Grenzer, P.C.
305 Washington Avenue, Suite 300
Towson, MD 21204,

and

**MESTEK, INC.**, Individually and as
Successor-in-Interest to HYDORTHERM,
INC.,
260 North Elm Street
Westfield, MA 01085

**METROPOLITAN LIFE INSURANCE COMPANY, INC.**
CT Corporation System
600 N. 2nd Street, Suite 401
Harrisburg, PA 17101,

and

**MOBIL CORPORATION**
Parent of MOBIL OIL CORPORATION
5959 Las Colinas Boulevard
Irving, TX 75039,

and

**MORGAN ENGINEEERING**, f/k/a
MORGAN CRANE,
1049 South Mahoning Avenue
Alliance, OH 44601,

and

**THE OKONITE COMPANY**,
P.O. Box 340
102 Hilltop Road
Ramsey, NJ 07446,

and

**PECORA CORPORATION**
165 Wambold Road
Harleysville, PA 19438,

and

**PFIZER, INC.**,
235 East 42nd Street
New York, NY 10017

and

**POLLOCK RESEARCH & DESIGN, INC.**,
f/k/a READING CRANE & ENGINEERING,
c/o Alan Gries, Director
Gibbons, PC
One Logan Sq., Suite 1210
Philadelphia, PA 19103

and

**REED FINANCIAL CORP.**, n/k/a Advanced
Thermal Hydronics, LLC, as Successor to The
Hydrotherm Corp.,
Delaware Trust Company,
900 Market Street,
Wilmington, DE 19801

and

**REUNION INDUSTRIES, INC.**, f/k/a
ALLIANCE MACHINES,
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808,

and

**ROCKWELL AUTOMATION, INC.,**
1201 S. 2nd Street
Milwaukee, WI 53204,

and

**RSCC WIRE & CABLE, LLC**,
200 Bradley Park Road
East Granby, CT 06082,

and

**SCHNEIDER ELECTRIC USA, INC.,** f/k/a
SQUARE D COMPANY
200 N. Martingale Road, Suite 100
Schaumburg, IL 60173,

and

**SID HARVEY INDUSTRIES, INC.**
605 Locust St.
Garden City, NY 11530-6531

and

**SUPERIOR BOILER WORKS, INC.,**
3524 E. 4th Avenue
Hutchinson, KS 67501,

and

**TEREX CORPORATION,**
200 Nyala Farms Road
Westport, CT 06880,

and

**UNION CARBIDE CORPORATION,**
CT Corporation System
600 N. 2nd Street, Suite 401
Harrisburg, PA 17101,

and

**UNIVERSAL REFRACTORIES**, a Division
of Thiem Corporation,
Three Rivers Management
600 River Avenue, Suite 200
Pittsburgh, PA 15212

and

**ECR INTERNATIONAL, INC.,** Individually
and as Successor-in-Interest to **UTICA
BOILERS,**
2201 Dwyer Avenue
Utica, NY 13501

and

**VIKING PUMP, INC.,**
CT Corporation
Corporation Trust Center
1209 N. Orange St.,
Wilmington, DE 19801,

and

**WARREN PUMPS, LLC**,
CT Corporation
155 Federal Street
Suite 700
Boston, MA 02110

and

**MARLEY-WYLAIN COMPANY, LLC,**
f/k/a Weil-McLain,
500 Blaine Street
Michigan City, IN 46360-2388,

and

**ZURN INDUSTRIES, LLC**,
CT Corporation
Corporation Trust Center
1209 N. Orange Street
Wilmington, DE 19801

                    Defendants.

## DEFENDANT FOSTER WHEELER LLC'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS UNITED STATES DISTRICT COURT:

Pursuant to Title 28 U.S.C. §§ 1331, 1442(a)(1), and 1446, Defendant Foster Wheeler LLC ("Foster Wheeler"), by and through its undersigned attorney of record, hereby gives Notice of Removal of an action filed against them in the Court of Common Pleas of Dauphin County, Pennsylvania.  In support, Foster Wheeler respectfully offers the following:

### Preliminary Matters

1.     On or about March 21, 2022, plaintiffs Earl and Kathryn Heilner ("Plaintiffs") filed a lawsuit in the Court of Common Pleas of Dauphin County, Pennsylvania, against Foster Wheeler and several other defendants.  *See* Plaintiffs' Complaint, attached hereto as Exhibit A.  Plaintiffs' allegations arise out of Earl Heilner's development of asbestosis and lung cancer resulting from his alleged exposure to various asbestos-containing products, including during his service in the United States Navy from 1960 to 1964. *Id.* at ¶¶ 7-10.

2.     Plaintiffs served this Complaint on Foster Wheeler on March 28, 2022. *Id.*

3.     Plaintiffs' Complaint includes general allegations that during his time in the United States Navy aboard the USS Wasp, Earl Heilner was exposed to and inhaled asbestos dust and asbestos fibers, which caused the conditions set forth in the Complaint. *Id.* at ¶¶ 7, 9.

4.     Specifically, Plaintiffs' Complaint states that "Foster Wheeler manufactured, distributed, constructed, and/or supplied various asbestos products including, but not limited to, boilers and other containers which either came pre-packaged with asbestos products or required the installation of various asbestos products in their specifications . . . ." *Id.* at ¶ 11(y).

5.     This Notice of Removal is timely in that it is filed within thirty (30) days of receipt of the Plaintiffs' Complaint, from which Foster Wheeler first ascertained that this case is removable.  28 U.S.C. § 1446(b).

## Nature Of The Case

6.     The case is based on Plaintiffs' allegations that Earl Heilner's asbestos-related disease, specifically asbestosis and lung cancer, was caused by his exposure to asbestos dust and/or fibers.

7.     Plaintiffs assert failure to warn claims, along with negligence and strict liability claims against Defendants based on various theories.

## Grounds For Removal

8.     Plaintiffs' claims stem from Earl Heilner's alleged exposure to asbestos through his service in the United States Navy. Foster Wheeler manufactured boilers and associated equipment for use on Navy ships and at Navy installations pursuant to contracts and specifications executed by the Navy.  Foster Wheeler has confirmed that it manufactured the economizers onboard the USS Wasp. Thus, the basis for this removal is that, in the manufacture and sale of such equipment for the Navy, including all aspects of warnings associated with that equipment, Foster Wheeler was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1).  *See generally* Affidavit of J. Thomas Schroppe dated 12/18/2009 (hereinafter "Schroppe Aff."), attached hereto as Exhibit B.

9.     Should Plaintiff file a motion to remand this case, Foster Wheeler respectfully requests an opportunity to respond more fully in writing, but offers the following authorities at this time:

## Federal Officer Removal

10.     As recognized in a landmark decision by the United States District Court for the Eastern District of Pennsylvania (MDL-875) in *Hagen v. Benjamin Foster Co.*, 739 F.Supp.2d 770 (E.D. Pa. 2010), Foster Wheeler has a federal defense to this action.  *See Hagen*.  In examining virtually identical

evidence submitted in the case at bar, Judge Eduardo C. Robreno found that the defendant, Foster Wheeler, raised a colorable defense to plaintiff's failure to warn claims, *i.e.,* government contractor immunity from liability for injuries arising from any exposure to asbestos related to boilers and auxiliary equipment aboard Navy vessels, insofar as they were designed and manufactured by Foster Wheeler according to strict Navy specifications.   Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party can (1) demonstrate that it acted under the direction of a federal officer, (2) raise a colorable federal defense to plaintiffs' claims, and (3) demonstrate a causal nexus between plaintiff's claims and acts it performed under color of federal office. *Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989).

11.     In reaching his conclusion, Judge Robreno discussed in detail the three elements necessary for removal under this statute.  First, a defendant must demonstrate that it is a "person" within the meaning of the statute.  *Hagen,* at 776.  The definition of a "person" includes a corporation.  *Id.* Second, defendants must raise a colorable claim to a federal law defense. *Id.* As previously stated, a colorable claim to a federal defense can be predicated upon the federal government contractor defense. *Id.*  Third, the defendant must establish that the suit is for any act under color of federal office, *i.e.*, there is a causal connection between the charged conduct and asserted official authority.  *Id.*  Causation exists if the predicate acts of the state court suit were undertaken while the person was acting as or under a federal officer, and the acts were under color of the relevant federal office.  *Id.*

12.     The second and third elements require a substantial degree of federal control over defendant's work and a causal nexus between the defendant's actions under the federal officer and plaintiff's state court claims. *Hagen*, at 776.  Although set forth in the statute as two separate requirements, Judge Robreno recognized that the evidentiary similarities between the "acting under" and "causal nexus" prongs have often prompted courts to collapse them into one single requirement.  *Id.* at

784 (citing *Good v. Armstrong World Indus., Inc.*, 914 F.Supp. 1125, 1128 (E.D. Pa 1996) ("The 'acting under' language in the statute forces [the defendant] to show a causal nexus between the plaintiff's claims and the conduct taken pursuant to direction from a federal officer.")).

13.     What constitutes sufficient federal control is often central to a court's decision to uphold removal or remand a case.  Like the *Hagen* court, federal courts across the country, including the Third Circuit, have upheld removal because defendants were sued as a result of designing and manufacturing products pursuant to detailed and strict government specifications. *See Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 815 (3d Cir. 2016) (reversing lower court's grant of remand and finding government contractor defense "colorable," meaning that the defense was legitimate and could reasonably be asserted, given the facts presented and the current law); *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249 (4th Cir. 2017) (reversing lower court's grant of remand and finding Foster Wheeler satisfied federal officer removal statutory requirements); *Ripley v. Foster Wheeler LLC*, 841 F.3d 207 (4th Cir. 2017) (reversing lower court's grant of remand and ruling Foster Wheeler's evidence established colorable government contract defense to plaintiff's failure to warn claims); *Cuomo v. Crane Co.*, 771 F.3d 113 (2d Cir. 2014) (Crane Co. provided sufficient evidence that easily cleared the low threshold for asserting a federal contractor defense); *Zeringue v. Crane Co.*, 846 F.3d 785, 789-90 (5th Cir. 2017) (section §1442(a)(1) is a "pure jurisdictional statute" that permits a federal defense "to serve as the federal question that endues the court with jurisdiction"); *Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014) (plaintiff's failure to warn claims and defendant's government contractor defense is one for the federal and not state court to decide); *Ruppel v. CBS Corporation*, 701 F.3d 1176 (7th Cir. 2012) (reversing lower court decision to remand and finding removal proper where Westinghouse established through affidavits that it had a colorable government contractor defense to plaintiff's claims).

14.     The predominant view holds that "a colorable federal defense need only be plausible." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1089 (6th Cir.2010); *see also* Ruppel, 701 F.3d at 1182.  In the context of a "failure to warn" case, the defendant need not show that the government expressly barred or broadly preempted the inclusion of asbestos warnings on its products.  *See Kerstetter v. Pacific Scientific Co.,* 210 F.3d 431, 438 (5th Cir.), *cert. denied*, 531 U.S. 919 (2000) (government contractor defense is available in "failure to warn" claims where the evidence shows that the lack of a warning reflects governmental direction or control rather than the unfettered discretion of the product's manufacturer, and applies wherever: 1) the government approved or authorized the warnings which the plaintiff contends were inadequate or incomplete; 2) the warnings provided by the manufacturer conformed to the warnings as approved or authorized by the government; and 3) the manufacturer warned the government as to any product hazards known by the manufacturer but unknown by the government. *Kerstetter,* 210 F.3d at 438).

15.     As stressed in *Kerstetter*, "[t]he government need not prepare the specifications to be considered to have approved them." *Id.* at 435. The only material issue is whether the manufacturer's designs and specifications were subjected to "substantial review" rather than a mere "rubber stamp" approval. *Id.* While this determination is necessarily fact specific, "substantial review" has plainly been shown upon evidence of a "'continuous back and forth' between the contractor and the government." *Id.* In this regard, "[t]he specifications need not address the specific defect alleged; the government need only evaluate the design feature in question." *Id.*  Once again, applying these general principles to "failure to warn" claims, the fact that governmental specifications or regulations did not specifically preclude the exact warning desired by the plaintiff does not take a "failure to warn" claim outside the scope of the government contractor defense so long as the government was involved generally as to the issue of product warnings (or specifically approved the warnings provided by the contractor) and was

generally aware of the hazard in question. *Id.* at 438. Stated another way, "[i]nadequacy [of a warning] is not an issue when it is the government's warning in the first place." *Id.* at 438.

16.     The present case is substantially similar, if not identical, to *Kerstetter* and *Hagen*, *supra*. As explained by J. Thomas Schroppe, Foster Wheeler's manufacture of boilers and associated equipment for the Navy was subject to close supervision, control, and inspection by the Navy personnel:

> 5.     The Navy was responsible for all phases of the design of a vessel, which was accomplished by the Naval architect. Specifically, the Naval architect would prepare the ship design which involved the entire vessel, including the machinery space, and all performance requirements. In general, the ship design for any given class of ship would be contained in a Ship Specification ("Ship Spec") which covers all aspects of the vessel including the machinery space. As it relates to the boiler, the Ship Spec would cover all boiler operating criteria, performance requirements, and maximum physical dimension of the boiler(s). In general, the Ship Spec was written and prepared by the naval architect and approved by the Navy and, in the course of its projects with the Navy, Foster Wheeler was required to design, fabricate and furnish equipment which complied strictly with the requirements in the Ship Spec.

> 6.     In addition to the Ship Spec, Foster Wheeler was also obligated to comply with Military Specifications ("Mil Specs") which cover all specific components of the boiler, including

> accessories, subcomponents, and materials required to fabricate the boilers and its components.

> . . . .

> 21.     In addition to the above design, manufacture and testing there remains an obligation by Foster Wheeler to provide technical manuals for the boilers and economizers furnished in a given Navy contract. The Navy exercised intense direction and control over all written documentation to be delivered with its naval boilers such as engineering drawings, test reports and other technical data that could be used as needed by shipboard engineering officer during the life of the equipment. The Navy required that every piece of equipment be supplied with a defined number of copies of one or more technical manuals. Navy personnel participated intimately in the preparation of this kind of information and exercised specific direction and control over its contents. These manuals included safety information related to the operation of naval boilers and economizers only to the extent

directed by the Navy.

22.     Furthermore, the Navy had precise specifications, practices and procedures that governed the content of any communication affixed to machinery supplied by Foster Wheeler to the Navy.  Foster Wheeler would not be permitted, under the specifications, associated regulations and procedures, and especially under actual practice as it evolved in the field, to affix any type of warning or caution statement to a piece of equipment intended for installation onto a Navy vessel, beyond those required by the Navy.

*See* Ex. B at ¶¶ 5-22.

17.     There was no information concerning any asbestos hazard or danger posed by any asbestos-containing product applied to any machinery on a Navy ship known by Foster Wheeler that was not known to the United States and the Navy.

18.     Nowhere is it required that a Defendant produce physical contracts to prove the government's extensive direction and control over product specifications to satisfy the requirements of § 1442(a)(1).  To promote judicial efficiency and consistency, the central purpose behind MDL-875, this Court should defer to the decision made by the MDL court in *Hagen*, and uphold removal.

19.     A properly removed case cannot be remanded for discretionary or policy reasons such as allegedly related state court cases or a contention that judicial economy compels remand.  28 U.S.C. § 1447(c); *Thermitron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976).  The federal officer removal statute is not narrow or limited, and it should not be frustrated by a narrow or grudging interpretation of § 1442(a)(1).  *Willingham v. Morgan*, 395 U.S. 402, 405 (1960); *see also Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) ("right of removal is absolute for conduct performed under color of federal office"); *Kolibash v. Comm. on Legal Ethics*, 872 F.2d 571, 576 (4th Cir.1989) ("right of removal conferred by § 1442(a)(1) is to be broadly construed."). The removing defendant "need not win his case before he can have it removed" nor even establish that the defense is "clearly sustainable".  *See Ripley*, 841 F.3d at 210 (citing *Willingham*, 395 U.S. at 407).

20.     Foster Wheeler is not required to notify and obtain the consent of any other defendant in this action in order to remove Plaintiffs' action as a whole under § 1442(a)(1). *See Torres v. CBS News*, 854 F.Supp. 245 (S.D.N.Y. 1994)

21.     As required by 28 U.S.C. § 1446(b) and the local rules of this Court, true and correct copies of the process and pleadings served upon defendant are being filed with this Notice of Removal.

WHEREFORE, Defendant Foster Wheeler LLC removes this action pursuant to 28 U.S.C. §1442(a) and in conformance with the requirements set forth in 28 U.S.C. § 1446.

Respectfully submitted,

s/ Tracey McDevitt Hagan
REILLY, McDEVITT & HENRICH, P.C.
The Widener Building
One South Penn Square, Suite 410
Philadelphia, PA 19107
Attorney I.D. No.: 6358408
Tel. (215) 972-5200; F: (215) 972-0405
*Counsel for Defendant Foster Wheeler LLC*

Dated: April 27, 2022

cc:  All Known Counsel (via ECF and/or Email)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARL K. HEILNER, JR., and his wife<br>KATHRYN L. HEILNER,<br><br>      Plaintiffs,<br><br>v.<br><br>ADVANCED THERMAL HYDRONICS, *et al*.<br><br>      Defendants. | :<br>:<br>:<br>: Civil Action No.<br>:<br>:<br>: **CERTIFICATION OF SERVICE**<br>:<br>:<br>:<br>: |

I, Tracey McDevitt Hagan, hereby certify that on April 27, 2022, Defendant Foster Wheeler LLC's Notice of Removal with exhibits; Notice of Notice of Removal to State Court; and Notice of Notice of Removal to Adversary were served on Counsel for the Plaintiffs via Federal Express at:

Jason B. Duncan, Esq.
Lauren S. Linsenbach, Esq.
THE LAW OFFICES OF PETER ANGELOS, P.C.
Building 3, Suite 330
2001 North Front Street
Harrisburg, PA 17102

and All Known Defense Counsel via email and/or regular mail.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: Newark, New Jersey
April 27, 2022

      s/ Tracey McDevitt Hagan
      **REILLY, McDEVITT & HENRICH, P.C.**
      The Widener Building
      One South Penn Square, Suite 410
      Philadelphia, PA 19107
      Attorney I.D. No.: 6358408
      Tel. (215) 972-5200; F: (215) 972-0405
      *Counsel for Defendant Foster Wheeler LLC*