IN THE UNITED STATES DISTRICT COURTY
MIDDLE DISTRICT OF PENSYLVANIA

| | | |
|---|---|---|
| EARL K. HEILNER, JR., and his wife | : | CIVIL ACTION |
| KATHRYN L. HEILNER, | : | |
| | : | No. 1:22-CV-0616-JPW |
| Plaintiffs, | : | |
| | : | Judge: Jennifer P. Wilson |
| v. | : | |
| | : | |
| FOSTER WHEELER, LLC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

<u>MOTION TO REMAND TO STATE COURT</u>

Pursuant to 28 U.S.C. § 1447(c), Plaintiffs, Earl and Kathryn Heilner, by and through their attorneys, the Law Offices of Peter Angelos, P.C., hereby move for remand of the above-captioned asbestos civil action to the Court of Common Pleas of Dauphin County, Pennsylvania, and in support thereof, respectfully aver the following:

1.     Plaintiffs, Earl and Kathryn Heilner (hereinafter referred to as, "Plaintiffs," or "The Heilners") filed an asbestos personal injury action against numerous defendants, including Foster Wheeler, LLC (hereinafter referred to as, "Foster Wheeler"), in the Court of Common Pleas of Dauphin County, Pennsylvania, on March 21, 2022.  Said Complaint was served upon and received by defendant, Foster Wheeler, on March 28, 2022.

2.     Defendant, Foster Wheeler, located in Hampton, New Jersey, is one of the over 70 defendants sued by Plaintiffs.  At least thirteen (13) of the defendants are Pennsylvania corporations and/or were successfully served with the Complaint at their Pennsylvania resident addresses.

3.     Plaintiffs, residents of Enola, Cumberland County, Pennsylvania, alleged in their

Complaint that Mr. Heilner has been injured as a result of exposure to asbestos fibers, which were incorporated into products manufactured, sold, supplied, and/or distributed by the various defendants, including Foster Wheeler.

4.      Plaintiffs' Complaint alleged that Mr. Heilner's asbestos exposure occurred during two epochs: (1.) during Mr. Heilner's service in the United States Navy, from 1960 to 1964; and (2.) while employed as a skilled insulator at various and numerous job sites, from 1969 to 2001, including but not limited to Brunner's Island Power Plant, York Haven, Pennsylvania; Three Mile Island Power Plant, Middletown, Pennsylvania; Washingtonville/Montour Powerhouse, Washingtonville, Pennsylvania; Martin's Creek Power Plant, Bangor, Pennsylvania; Shamokin Dam, a/k/a Sunbury Generation, L.P. in Sunbury, Pennsylvania; Peach Bottom Nuclear Powerhouse, Delta, Pennsylvania; Berwick Nuclear Powerhouse; Portland Powerhouse, Portland, PA, State Police Academy, Hershey, Pennsylvania; and numerous other locations throughout Pennsylvania, New Jersey, and Ohio.

5.      Plaintiffs' allegations of liability against Foster Wheeler are based upon Mr. Heilner's exposure during his employment as a skilled insulator at the above-named job sites as well as others throughout his career.

6.      On April 27, 2022, defendant Foster Wheeler filed, to the above caption, a Notice of Removal of Civil Action, removing the Heilners' asbestos personal injury lawsuit from the Court of Common Pleas of Dauphin County, Pennsylvania, to this Court.  Foster Wheeler's Notice of Removal included as Exhibit A, a copy of the Heilners' Complaint in Dauphin County, which had been docketed to 2022-CV-2039-AS.

7.      Foster Wheeler's stated basis for the removal is that (1.) Mr. Heilner allegedly was exposed to Foster Wheeler boilers and/or economizers while serving in the Navy (Notice of

Removal, ¶ 8; (2.) Foster Wheeler was acting under the authority of an officer or agency of the United States (Notice of Removal, ¶ 8); and (3.) Foster Wheeler has a federal defense to Plaintiffs' Complaint (Notice of Removal, ¶ ¶ 10-19).

8.    Despite Foster Wheeler's assertions to the contrary, Plaintiffs do not make any specific allegation of the presence of Foster Wheeler products on any ship upon which Mr. Heilner served in the U.S. Navy.  Indeed, there is no specific allegation as to Mr. Heilner's exposure to any Foster Wheeler product during his service in the Navy.  In fact, counsel for Plaintiff informed counsel for Foster Wheeler that Plaintiffs were not alleging any asbestos exposure to Foster Wheeler products due to Mr. Heilner's Naval exposure and Plaintiffs willing to agree to a stipulation to that effect.

9.    The only reference to Foster Wheeler allegedly having equipment onboard United States Navy vessels is an implication found in Foster Wheeler's own Notice of Removal, ¶ 8. Such an assertion – much less a mere implication – does not, however, create a federal defense based upon 28 U.S.C. § 1442(a)(1), since the defendant, Foster Wheeler, does not even attempt to purport to show that a federal officer directed Foster Wheeler to use asbestos on whatever equipment that it allegedly may have supplied to the U.S. Navy.

10.    Despite Foster Wheeler's assertion that it acted under the authority of an officer or agency of the United States, allegedly within the meaning of 28 U.S.C. § 1442(a)(1), Plaintiffs' Complaint does not make any such allegation and further, does not make any allegation or averment that was – or even could be – the basis of the asserted liability of Foster Wheeler.

11.    Further, Foster Wheeler's counsel has been advised by Plaintiffs' counsel that Plaintiff is not claiming exposure during the timeframe Mr. Heilner served in the U.S. Navy.  In

fact, Plaintiffs' counsel even offered to enter into a stipulation with defendant that the Plaintiff would not be seeking damages based upon any Naval exposure to Foster Wheeler products.

12.    Defendant, Foster Wheeler, is a named defendant in several hundred personal injury civil actions in the Court of Common Pleas of Dauphin County involving plaintiffs, such as the Heilners, who allege asbestos exposure through their or their decedents' employment in various trades, including the insulation trades, and at various job sites including those above-identified power generation and other facilities in Pennsylvania.

13.    As a result of discovery having been conducted in many of the other lawsuits, defendant, Foster Wheeler, is aware that the basis of such other lawsuits as to Foster Wheeler is the presence of asbestos-containing and/or asbestos-specifying boilers and other products, manufactured by Foster Wheeler, at several of the above-identified job sites.

14.    The presence of absence of federal question jurisdiction is governed by the "well-pleaded complaint rule."  Federal law creates the cause of action under a well-pleaded state claim, assuming there is one.

15.    A state court case may not be removed to federal court on the basis of an alleged federal defense, even if both parties concede that the federal defense is the only question at issue. A defensive plea provides no ground for removal of state law claims to federal jurisdiction. Rather, a federal defense may be made in state court proceedings, with the state court's decision being subject to review by the U.S. Supreme Court.

16.    Despite Foster Wheeler's assertions to the contrary, the defendant cannot, and does not, create a defense based upon 28 U.S.C. § 1442(a)(1), or upon *Hagen v. Benjamin Foster Co.*, 739 F.Supp.2d 770 (E.D. Pa. 2010) or *Boyle v. United Technologies Corporation*, 487 U.S. 500, 108 S.Ct. 2510 (1987), because the defendant does not establish that its failure to warn of

4

the dangers of asbestos was required by U.S. Navy, or that it warned the U.S. Navy of the

dangers to individuals from the use of asbestos.

17.    There are no elements of governmental immunity as a possible defense contained

in Plaintiffs' Complaint.  Therefore, there are no alleged facts upon which Foster Wheeler could

attempt to assert, in alleged defense, that it was either a federal officer or a "person" acting under

the authority of an officer or agency of the United States within the meaning of 28 U.S.C. §

1442(a)(1).

18.    There are no federal public policy issues which would be promoted by the

removal of the Heilners' case to the federal court.

19.    It is the burden of the party seeking removal from state court to federal court to

prove that the state court action could have been brought in federal court originally.  If any doubt

exists, the doubt should be resolved in favor of remand.  *Shelley v. Commonwealth of*

*Pennsylvania*, 451 F.Supp. 899 (M.D. Pa 1978), c*iting* 28 U.S.C. § 1441(b).

20.    Defendant, Foster Wheeler, has not met, and cannot meet, its burden, thus remand

is proper in this case.

WHEREFORE**,** Plaintiffs Earl and Kathryn Heilner, respectively request this Honorable Court grant an Order remanding the Plaintiffs' state law civil action back to the Dauphin County Court of Common Pleas.

Respectfully submitted,

LAW OFFICES OF PETER ANGELOS, P.C.

Dated: 5/23/22_____

_/s/ Jason B. Duncan_____
Jason B. Duncan, Esquire
PA I.D. No. 87946
Lauren S. Linsenbach, Esquire
PA I.D. No. 326818
Building 3, Suite 330
2001 North Front Street
Harrisburg, PA 17102
717-232-1886
Fax: 717-232-4189

IN THE UNITED STATES DISTRICT COURTY
MIDDLE DISTRICT OF PENSYLVANIA


| | | |
|---|---|---|
| EARL K. HEILNER, JR., and his wife | : | CIVIL ACTION |
| KATHRYN L. HEILNER, | : | |
| | : | No. 1:22-CV-0616-JPW |
| Plaintiffs, | : | |
| | : | Judge Jennifer P. Wilson |
| v. | : | |
| | : | |
| FOSTER WHEELER, LLC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

<u>STATEMENT OF NONCONCURRENCE</u>

Plaintiffs, through their attorneys, the Law Offices of Peter Angelos, P.C., hereby state that they have not attempted to contact each one of the 72 defendants, to register the concurrence or nonconcurrence of each with the foregoing Motion to Remand to State Court.  As a result, Plaintiffs respectfully submit that they must presume the nonconcurrence of all, or at least some, of the parties.


Dated: 5/23/22__                          */s/ Jason B. Duncan*_____
                                                     Jason B. Duncan, Esquire

<u>CERTIFICATE OF SERVICE</u>

I, Jason B. Duncan, Esquire of the Law Offices of Peter Angelos do hereby certify that on this 23rd day of May 2022, I have caused the foregoing Motion to Remand to State Court and/or Plaintiffs' Brief in Support of Motion to Remand to State Court, to be electronically filed.  This pleading is available for viewing and downloading from the ECF system.  By this filing, this pleading was served upon all parties who have consented to electronic service.

*/s/ Jason B. Duncan*_____
Jason B. Duncan, Esquire
PA I.D. No. 87946

IN THE UNITED STATES DISTRICT COURTY
MIDDLE DISTRICT OF PENSYLVANIA

EARL K. HEILNER, JR., and his wife      :      CIVIL ACTION
KATHRYN L. HEILNER,                   :
                                     :      No. 1:22-CV-0616-JPW
              Plaintiffs,         :
                                       :      Judge Jennifer P. Wilson
              v.                    :
                                       :
FOSTER WHEELER, LLC., et al.,         :
                                       :
             Defendants.      :
                                       :

PLAINTIFFS' BRIEF IN SUPPORT OF
MOTION TO REMAND TO STATE COURT

1.  Procedural History

        Plaintiffs, Earl and Kathryn Heilner, initiated an asbestos personal injury action by filing

a Complaint in the Court of Comon Pleas of Dauphin County, Pennsylvania, on March 21,

2022.[1]  Foster Wheler, LLC (hereinafter, "Foster Wheeler") is one of the numerous corporate

entities named as defendants, at least 13 of which are located in and/or were served in

Pennsylvania.

        Defendant, Foster Wheeler, was served with a Complaint on March 28, 2022.  Defendant

Foster Wheeler served a Notice of Removal of Civil Action to this United States District Court

for the Middle District of Pennsylvania, on April 27, 2022, along with civil cover sheet, its 7.1

Corporate Disclosure, and Notice of Notice of Removal to Adverse Party.  In its Notice of

Removal, Foster Wheeler alleges that Plaintiffs' Complaint should be removed from the state

court due to federal subject matter jurisdiction, based on U.S.C. § 1446 and 1442(a)(1).

II.  Statement of Facts

---

[1] It is noted that since the filing of the Complaint Plaintiff Earl Heilner, Jr. passed away due to his lung cancer.

Plaintiff, Earl Heilner, Jr., a Pennsylvania resident, alleged in his Complaint (filed in Dauphin County to docket number: 2022-CV-2039-AS) that he suffered injurious exposure to asbestos fibers during two time periods – the first while he served in the U.S. Navy from Plaintiffs' Complaint alleged that Mr. Heilner's asbestos exposure occurred during two epochs: (1.) during Mr. Heilner's service in the United States Navy, from 1960 to 1964; and (2.) while employed as a skilled insulator at various and numerous job sites, from 1969 to 2001, including but not limited to Brunner's Island Power Plant, York Haven, Pennsylvania; Three Mile Island Power Plant, Middletown, Pennsylvania; Washingtonville/Montour Powerhouse, Washingtonville, Pennsylvania; Martin's Creek Power Plant, Bangor, Pennsylvania; Shamokin Dam, a/k/a Sunbury Generation, L.P. in Sunbury, Pennsylvania; Peach Bottom Nuclear Powerhouse, Delta, Pennsylvania; Berwick Nuclear Powerhouse; Portland Powerhouse, Portland, PA, State Police Academy, Hershey, Pennsylvania; and numerous other locations throughout Pennsylvania, New Jersey, and Ohio.

The basis of the alleged liability of defendant, Foster Wheeler, is through Mr. Heilner's employment from 1969 to 2001 as a skilled insulator.  There is no specific allegation of Plaintiff, Mr. Heilner's, exposure to any Foster Wheeler products on any ship upon which Mr. Heilner served in the U.S. Navy.  Indeed, there is no specific allegation of Mr. Heilner's exposure to any Foster Wheeler product during his service in the Navy.  Rather, the only reference to Foster Wheeler allegedly having products onboard U.S. Navy vessels is contained in Foster Wheeler's own Notice of Removal.

Further, Plaintiffs' counsel has communicated to and advised defendant that Plaintiffs are not basing Foster Wheeler's liability on any alleged exposure to Foster Wheeler products while

Mr. Heilner served in the U.S. Navy.  In fact, Plaintiffs' counsel offered to enter into a written stipulation with defense counsel that Plaintiffs are not alleging Naval exposure to any Foster Wheeler product.  This type of arrangement has been made between Plaintiff's counsel and other defendants in asbestos litigation including in this case. Despite this offer, Defendant Foster Wheeler asserted in their removal motion that Mr. Heilner's naval exposure gave rise to a federal defense, knowing that such exposure is not at issue in this case.

III.  Statement of Question Involved.

Has defendant, Foster Wheeler, failed to establish a factual basis for removal based upon 28 U.S.C. § 1442(a)(1) and 1446, thus requiring remand of the cause of action to state court? Suggested Answer:    In the affirmative.

IV.  Argument

A.    Summary of applicable law – there is no basis for federal jurisdiction.

There is absolutely no basis for federal jurisdiction in this state law case. In its discussion of Supreme Court, and various other federal court cases and other relevant authority on federal jurisdiction, the defendant Foster Wheeler attempts to isolate out-of-context case law and misrepresent the pleaded facts within the Plaintiffs' Complaint, to confect the appearance of a substantial federal question.

28 U.S.C. § 1442(a)(1) provides that any civil (or criminal) action against the United States, any agency thereof, or any officer, or any person acting under that officer of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office, may be removed by the federal officer or agency or person acting under that agency, through 28 U.S.C § 1446.

To meet its burden, defendant Foster Wheeler must show that, on the face of the Plaintiffs' Complaint, as it appeared at the time the removal was filed, that a federal question was presented, and that it (the Complaint's averments) qualified for federal subject matter jurisdiction. *Sears Mortgage Corp. v. Atuahene*, 828 F.Supp.368 (E.D. Pa 1993), *citing SteelValley Authority v. Union Switch and Signal Division, Am.Standard, Inc.* 809 F.2d 1006, 1010 (3d Cir. 1987), *citing Abels v. State Farm Fire & Casualty Co.,* 770 F.2d 26, 29 (3d Cir. 1985).

        B.    <u>Plaintiffs' state law claims do not rely on a necessary federal element, nor do they raise a substantial federal question.</u>

Plaintiffs Earl and Kathryn Heilner allege injurious asbestos exposure through both Mr. Heilner's service in the Navy and through employment as a skilled insulator at various and numerous job sites, from 1969 to 2001, including but not limited to Brunner's Island Power Plant, York Haven, Pennsylvania; Three Mile Island Power Plant, Middletown, Pennsylvania; Washingtonville/Montour Powerhouse, Washingtonville, Pennsylvania; Martin's Creek Power Plant, Bangor, Pennsylvania; Shamokin Dam, a/k/a Sunbury Generation, L.P. in Sunbury, Pennsylvania; Peach Bottom Nuclear Powerhouse, Delta, Pennsylvania; Berwick Nuclear Powerhouse; Portland Powerhouse, Portland, PA, State Police Academy, Hershey, Pennsylvania; and numerous other locations throughout Pennsylvania, New Jersey, and Ohio.  However, the basis for Plaintiffs' case against the defendant, Foster Wheeler, is through the exposure at numerous job sites as an insulator.  Moreover, the Complaint makes no allegation against Foster Wheeler in any capacity related to the federal government or any federal agency or official.

No federal question jurisdiction exists, because all of the Plaintiffs' claims were based entirely on Pennsylvania state law.  The presence or absence of federal question jurisdiction is

governed by the "well-pleaded complaint rule."  Federal law creates the cause of the action under one of the well-pleaded state claims, assuming there is a well-pleaded state claim which also satisfies federal law.  *Thibodeau v. Comcast Corporation,* 2004 WL 2367828 (E.D.Pa.).  A case may not be removed to federal court on the basis of a federal defense – even if both parties concede that the federal defense is the only question at issue.  *Id.* at 4, *citing Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal*., 463 U.S. 1, 12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).  However, in the instant case, the alleged federal defense Foster Wheeler asserts is neither the **only** question at issue, nor is it **any** question at issue, because Plaintiffs' Complaint did not allege Naval exposure to Foster Wheeler products.  Plaintiffs' claims are in no way dependent upon, or contingent upon, a federal question.  The claims against Foster Wheeler, as stated in said Complaint, can be proven entirely independently of federal law and be proven against Foster Wheeler using state law.

      C.      <u>Foster Wheeler cannot overcome the strong presumption against removal jurisdiction and cannot demonstrate the presence of a federal question on the face of the Plaintiffs' Complaint.</u>

To avoid remand, Foster Wheeler must overcome the heavy presumption against removal jurisdiction.  Foster Wheeler may seek to remove the state action to federal court if this Court has original jurisdiction over the action, and removal is not expressly prohibited by statute.  28 U.S.C. § 1441.  Plaintiffs' motion to remand should be granted if the standards for removal under 28 U.S.C. § 1441 and 1446 have not been met.  *Hogan v. Raymond Corp.,* 777 F.Supp.2d 906, 912 (W.D. Pa. 2011).  Foster Wheeler has the "heavy burden of showing that at all stages of the litigation the case is properly before the federal court."  *Brown v. Jevic,* 575 F.3d 322, 326 (3d Cir. 2009).  "This heavy burden is imposed to effectuate the strong presumption against removal jurisdiction."  *Boomerang Recoveries, LLC v. Guy Carpenter & Co., LLC*, 182 F. Supp. 3d 212,

217 (E.D. Pa. 2016) (internal citations omitted). "If at any time before final judgment it appears that [this Court] lacks subject matter jurisdiction," this Court **must** remand the action to state court. 28 U.S.C. § 1447(c). "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Brown*, 575 F.3d at 326 (emphasis added).

It is the burden of the party seeking removal from state court to federal court to prove the elements that the action could originally have been brought in federal court. If any doubt exists, the doubt should be resolved in favor of a remand. *Shelly v. Commonwealth of Pennsylvania*, 451 F.Supp 899 (M.D. Pa 1978), citing 28 U.S.C. § 1441(b). In the case at bar, Defendant Foster Wheeler has not met that burden. It is clear from the face of Plaintiffs' Complaint that there is no federal subject matter jurisdiction and, further, Defendant Foster Wheeler fails to raise a valid, federal defense in its Notice for Removal.

There is no dispute that Plaintiffs assert only individual state-law causes of action against the various asbestos defendants, and moreover, Plaintiffs and Foster Wheeler are not diverse. Lacking a federal claim and complete diversity, removal action this action is inappropriate, because 28 U.S.C. only permits removal of those action over which federal courts have original jurisdiction. Foster Wheeler's efforts to manufacture federal question jurisdiction before this Court do not withstand scrutiny.

A defensive plea provides no ground for removal of state law claims to federal jurisdiction. A federal defense may be made in state proceedings, with the state court's decision being subject to review by the Supreme Court's ultimate review. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct.921, (1998). Even if the federal defense is anticipated in Plaintiffs' complaint, and it is asserted by defendants, only if state law is completely pre-empted by federal law, on the face of Plaintiffs' complaint, may it be removed. *Caterpillar Inc. v.*

14

*Williams*, 482 U.S. 386, 107 S.Ct. 2425 (1987).

Plaintiffs' Complaint makes no mention, or anticipation, of any federal issue, or federal defense by Foster Wheeler, or any of the other 70+ defendants. It is only Foster Wheeler's Notice of Removal which implies that Foster Wheeler may have supplied boilers and/or economizers to the U.S. Navy. Even if that were true as a general matter, there is no allegation that any such boilers and/or economizers were supplied by Foster Wheeler to the ships on which Mr. Heilner served.  Said Complaint does not refer to a federal law or to any federal regulations. Plaintiffs merely state that Earl Heilner had asbestos exposure while serving while in the Navy, on ships including the USS Wasp and the USS Lake Champlain, and in addition to working as an insulator and asbestos worker at numerous job sites throughout Pennsylvania from approximately 1960 to the late 1980's.

This is not a federal question worthy of subject matter jurisdiction but, rather, an attempt by Defendant Foster Wheeler to assert a federal defense. Nowhere on the face of Plaintiffs' Complaint, or "papers" within the meaning of 28 U.S.C. § 1446, is there any allegation that Foster Wheeler boilers or economizers were on Navy ships upon which Mr. Heilner served. Thus, there are no facts from which Foster Wheeler could have ascertained that the case is removable to this Court.

For defendant Foster Wheeler's attempted defense to be valid, it must show that it acted under a federal officer, following direct and detailed regulations by contract; that the United States approved the precise specifications, and the supplier warned the United States about the dangers that were known to it, but not known to the *United States. Good v. Armstrong World Industries*, 914 F.Supp. 1125 (E.D. Pa 1996).

Foster Wheeler fails to create a defense based upon 28 U.S.C. § 1442(a)(l) or *Boyle v.*

*United Technologies Corporation*, 487 U.S. 500, 108 S.Ct 2510 (1987), because it does not even purport to show that a federal officer directed Foster Wheeler to use asbestos on whatever equipment that it may have supplied to the Navy and because it does not establish that its failure to warn of the dangers of asbestos was required by the U.S. Navy, or that it warned the Navy of the dangers to individuals from the use of asbestos.

Foster Wheeler does not support the "defense" with facts or evidence, nor show how whatever work it may have done for the Navy may have differed from any other boilers or economizers that it manufactured, sold and distributed without a warning regarding the dangerous and hazardous nature of asbestos. The Defendant merely implies that it possibly sold a product to the U.S. Navy, and the Navy might have bought the products and used them.  Foster Wheeler's misguided assumption that Naval exposure was a fact pleaded in Plaintiffs' Complaint, combined with its anticipation that Foster Wheeler might possibly have a federal defense to claims of liability based on the same, does not provide a cognizable argument for federal question jurisdiction.  Any doubt regarding the claims against Foster Wheeler were resolved when Plaintiffs' counsel offered to stipulate that Plaintiffs were not proceeding with any allegation regarding Mr. Heilner's exposure to Foster Wheeler asbestos products while in the Navy.  Undeterred by this offer, Foster Wheeler filed its pleading alleging such allegation, knowing that such claims are not alleged in this case. Thus, remand is appropriate as Foster Wheeler was aware at the time they filed for removal that there are no allegations regarding Mr. Heilner's exposure to Foster Wheeler products that involve a potential federal contract defense and removal was therefore improper.

V.  Conclusion – The Plaintiffs' case must be remanded to State Court.

      For the foregoing reasons, Plaintiffs, Earl and Kathryn Heilner, respectfully request that this Honorable Court order the remand of Plaintiffs' state law cause of action to the Court of Common Pleas of Dauphin County, Pennsylvania, without delay.

                        Respectfully submitted,

                        LAW OFFICES OF PETER ANGELOS, P.C.

Dated: 5/23/22___                 _/s/ Jason B. Duncan_____
                        Jason B. Duncan, Esquire
                        PA I.D. No. 87946
                        Lauren S. Linsenbach, Esquire
                        PA I.D. No. 326818
                        Building 3, Suite 330
                        2001 North Front Street
                        Harrisburg, PA 17102
                        717-232-1886
                        Fax: 717-232-4189