# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARL K. HEILNER, JR., and his wife, | : | Civil No. 1:22-CV-00616 |
| KATHRYN L. HEILNER, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| FOSTER WHEELER LLC, *et al.* | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Pending before the court is a motion to remand this case back to the Dauphin County Court of Common Pleas filed by Plaintiff Kathryn L. Heilner.  (Doc. 87.) Defendant Foster Wheeler LLC ("Foster Wheeler") removed this case to federal court and opposes Kathryn Heilner's motion to remand.  (Doc. 111.)  For the following reasons, the motion to remand will be granted.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Kathryn Heilner, along with her now-deceased husband, Earl K. Heilner, Jr. ("Heilner") (collectively, "Plaintiffs"), brought this action against Foster Wheeler and seventy-one other defendants.[1]  (Doc. 1-2.)  This action was initially filed on March 21, 2022, in the Dauphin County Court of Common Pleas.  (Doc. 1.)  All counts of the complaint stem from Heilner's exposure to asbestos which allegedly

---

[1] None of the other defendants joined in Foster Wheeler's notice of removal, nor have they filed briefs stating any position with respect to Kathryn Heilner's motion to remand.

caused his lung cancer.  (Doc. 1-2, ¶¶ 7, 12.)  The complaint sets forth six counts: Count I asserts product liability claims against all Defendants; Count II alleges breach of implied warranty against all Defendants; Count III alleges negligence against all Defendants; Count IV alleges fraudulent concealment of the harmful nature of asbestos against all Defendants; Count V alleges conspiracy against Defendant Metropolitan Life Insurance Company; and Count VI is brought by Kathryn Heilner against all Defendants for loss of consortium.  (*Id.* at ¶¶ 13–46.) Of particular relevance to the instant motion is Count III: while Plaintiffs include a number of allegations against Defendants as part of pleading this count, this appears to be a failure to warn negligence claim.  (*Id.* at ¶¶ 25–29.)

In factual support of his complaint, Heilner provided details of his professional history.  He worked as an insulator and asbestos technician from approximately 1969 to 2001, and allegedly had substantial exposure to asbestos by virtue of his employment during this time.  (*Id.* at ¶¶ 7–10.)[2]  Accordingly, this lawsuit is brought against the companies by whom Heilner was employed.  (*Id.*) Heilner provided additional factual support by describing a significant number of the job sites at which he worked, and the types of asbestos-containing products he

---

[2] Plaintiffs include two paragraphs numbered "10"; both related to Heilner's employment and alleged exposure therefrom.  The above-referenced citation incorporates both paragraphs numbered "10.".

worked with manufactured by individual defendants (also named in this suit).  (*Id.* at ¶ 11.)

In addition, Heilner alleged that he was exposed to asbestos while he served in the United States Navy.  (*Id.* at ¶ 9.)  The complaint avers that "[f]rom 1960 to December 31, 1964, Plaintiff served in the US Navy on board the USS Wasp and USS Lake Champlain."  (*Id.*)  No specific defendant is implicated in this alleged exposure, nor is there mention of any particular product or project completed during which Heilner may have been exposed.  (*Id.*)

The only alleged facts that relate to Foster Wheeler are included in paragraph 11, subsection (y) of the complaint:

> Defendant Foster Wheeler manufactured, distributed, constructed, and/or supplied various asbestos products including, but not limited to, boilers and other containers which either came pre-packed with asbestos products or required the installations of various asbestos products in their specifications, such as asbestos fire brick, cement, insulation, and rope. Also, supplied various types of asbestos-containing block and cement under various brand or trade names including, but not limited to, Forty-Eight Insulation and Webers.

(Doc. 1-2, p. 46.)[3]  Heilner has not alleged facts that would tie Foster Wheeler's products to any particular job site or timeframe.

Foster Wheeler filed a notice of removal to this court on April 28, 2022. (Doc. 1.)  Foster Wheeler stated that federal jurisdiction is appropriate because it intended to raise the "federal officer" defense pursuant to 28 U.S.C. § 1442(a)(1)

---

[3] For ease of reference, the court utilizes the page number from the CM/ECF header.

to plaintiff's Claim III.  (*Id.* at ¶ 8.)  Foster Wheeler proffered that it manufactured boilers (presumably ones that contained asbestos) for use by the Navy; in fact, it admits that it produced some of the machinery onboard the USS Wasp.  (*Id.*)  Based on these alleged facts, Foster Wheeler argues that it has a federal defense to the claim, which brings this lawsuit within the jurisdiction of the federal district court.  (*Id.* at ¶¶ 8-10, 21.)  No other defendant joined in the notice of removal.

Plaintiffs filed a motion to remand on May 23, 2022, followed by a brief in support the next day.  (Docs. 87, 90.)  Foster Wheeler filed a brief in opposition on June 6, 2022, and plaintiffs filed a reply brief on June 27, 2022.  (Docs. 111, 144.)  Thus, this motion is ripe for disposition.

## STANDARD OF REVIEW

A defendant can remove a case to federal court if it asserts that a claim is brought against "[t]he United States or an agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office."  28 U.S.C. § 1442(a)(1).  This statute is an exception to the well-pleaded complaint rule, and allows for federal subject matter jurisdiction over a case in which the federal question arises from a federal defense.  *Kirchner v. Putnam Funds Trust*, 547 U.S. 633, 644 n.12 (2006).  "Unlike the general removal statute, the federal officer removal statute is to be broadly construed in favor of a federal forum."  *In*

*re Commonwealth's Motion to Appoint Couns. Against or Directed to Defender Ass'n of Phila.*, 790 F.3d 457, 466–67 (3d Cir. 2015) (internal quotation marks omitted). Nevertheless, it is still the burden of the party seeking removal to prove the court has subject matter jurisdiction over the case or controversy. *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 110 (3d Cir. 1990).

## DISCUSSION

Plaintiffs argue this case should be remanded for two separate reasons: first, Plaintiffs waive any claim against Foster Wheeler for Heilner's alleged Naval exposure; and second, Plaintiffs do not think Foster Wheeler can present a colorable federal officer defense in this case. (Doc. 90, p. 3–5.) Plaintiffs state that the complaint includes no facts which would implicate Foster Wheeler in Heilner's Navy exposure. (*Id.* at 7.) They further argue that even if this nexus could be proven, Plaintiffs expressly waive any claim against Foster Wheeler from the Navy exposure. (*Id.* at 2–3, 8.) They thus seek to limit Foster Wheeler's liability to any exposure during Heilner's civilian work. Plaintiffs additionally argue that removal based on a federal defense not present on the face of the complaint is not allowable under federal law, and that Foster Wheeler failed to meet its pleading burden to raise the federal officer defense in the first place. (*Id.* at 6–8.)

In response, Foster Wheeler argues that Plaintiffs cannot disclaim any particular asbestos exposure based on the indivisible nature of Heilner's injury. (Doc. 111, p. 8–9.)  Since Plaintiffs cannot disclaim any particular exposure, it argues, the case must remain in federal court so that it has the benefit of raising the federal officer defense to the claims.  (*Id.* at 10–16.)  Foster Wheeler further argues that the federal officer defense is an explicit exception to the well-pleaded complaint rule, and that the significant federal policy concerns favor the exercise of federal jurisdiction in this situation.  (*Id.*)

In addition to reemphasizing their earlier arguments, Plaintiffs point out in their reply brief that if Foster Wheeler is willing to stipulate that Heilner was in fact exposed to asbestos based on its machinery onboard the USS Wasp, then they will withdraw the motion to remand.  (Doc. 144, p. 3–4.)  Otherwise, Plaintiffs argue, Foster Wheeler's tacit admissions form the only basis of federal jurisdiction in this case.  (*Id.*)

The court will begin by analyzing Plaintiff's first argument asserting claim waiver because "the disclaimer either is, or is not, effective to disclaim Navy-related claims and to take the government contractor defense out of this case." *Martinic v. A.O. Smith Corp.*, 2:20-CV-958, 2020 WL 5850317, at *2 (W.D. Pa.

Oct. 1, 2020). Because Third Circuit precedent allows for claim disclaimers in asbestos-liability cases, the court will grant Plaintiffs' motion to remand.[4]

*Dougherty v. A O Smith Corp.*, No. 13-1976, 2014 WL 3542243 (D. Del. July 16, 2014) is a frequently cited case evaluating the issue of claim disclaimer in the context of asbestos cases. In *Dougherty*, the court evaluated the validity of post-removal claim disclaimers and contrasted them with jurisdictional disclaimers. *Id.* at *9–10. This distinction is important because jurisdictional disclaimers can raise a suspicion of artful pleading, whereas claim disclaimers are routinely accepted as a valid justification for remand. *Id.* at *16–17; *see also Knopp v. Shell Oil Company*, No. 20-3098, 2020 WL 7334094, at *3–4 (D.N.J. Dec. 14, 2020) (finding remand appropriate after plaintiff sought to disclaim federal-jurisdiction conferring claim); *see also Martinic*, 2020 WL 5850317, at *5 (finding express claim disclaimer sufficient to correct any ambiguity in the complaint and to divest court of subject matter jurisdiction, requiring remand); *see also Delaware v. BP Am. Inc.*, No. 20-1429, 2022 WL 58484, at *10 (D. Del. Jan. 5, 2022) (adopting the finding that remand based on claim disclaimers occurs consistently). The *Dougherty* court found no evidence of forum manipulation, crediting plaintiff's statement they did not ever intend to file a claim subject to

---

[4] Because this court accepts Plaintiff's claim waiver, it will not go on to analyze the merits of the federal officer/contractor defense since that discussion plays no role in the disposition of Plaintiffs' motion.

federal jurisdiction.  2014 WL 3542243 at *17; *see also Zokaites v. Equifax Info.*

*Servs., LLC*, No. 11-981, 2012 WL 993269, at *3 (W.D. Pa. Mar. 22, 2012)

("Although plaintiff's conduct could be attributable to improper motives, it is

equally plausible that he has simply made the sensible decision to not pursue a

meritless federal claim.")

This court does not find persuasive the case law cited by Foster Wheeler that

suggests claim wavier is not permissible in asbestos cases.  (Doc. 111, p. 8–9.)

The majority of the cases cited are merely persuasive authority, and are

contradicted by district court decisions within the Third Circuit.  Further, the single

Third Circuit district case Foster Wheeler cites is not relevant to this discussion.

*See Thomasson v. Air & Liquid Sys. Corp.*, No. 13-1034, 2013 WL 3071304, at

*1–4 (D.N.J. June 17, 2013) (holding that a claim disclaimer in the complaint may

be defeated when plaintiffs later decide to raise that exact type of claim).

Therefore, the court recognizes and accepts Plaintiffs' decision to disclaim

any claim they may have against Foster Wheeler for Heilner's alleged exposure to

asbestos while he served in the Navy.  There is no evidence of judicial

manipulation or forum shopping here or any other factor to lead the court to a

different conclusion.  Further, remand is appropriate because there are no factors

that would weigh in favor of keeping this matter in federal court.  From the

beginning of this action, there was never a clear claim against Foster Wheeler for

Heilner's alleged exposure in the Navy; Foster Wheeler itself provided the facts potentially tying its conduct to Heilner's injuries.  Since this court will accept Plaintiff's claim disclaimer, there is no longer any claim that could serve as a jurisdictional hook.  Accordingly, the motion to remand will be granted.

CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand will be granted.  An appropriate order shall issue.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: August 2, 2022